# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO A GOLEZ,<br><br>　　　　　Plaintiff,<br>　v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL,<br><br>　　　　　Defendant. | Case No. 09cv965 BTM(WMc)<br><br>**ORDER GRANTING MOTION TO DISMISS; GRANTING MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART MOTION TO FILE FOURTH AMENDED COMPLAINT** |

Defendant has filed a motion to dismiss certain claims in Plaintiff's Third Amended Complaint and a motion to strike certain allegations. Plaintiff, proceeding pro se, has filed a motion to amend his complaint. For the reasons discussed below, Defendant's motion to dismiss is **GRANTED**, Defendant's motion to strike is **GRANTED**, and Plaintiff's motion to amend his complaint is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

In his Third Amended Complaint ("TAC"), Plaintiff alleges that he was employed as a custodian by the United States Postal Service from February 1998 until his termination in July 2008 (TAC ¶¶ 4, 8.) Plaintiff alleges that beginning around 2004, Defendant took adverse employment actions against him, including, inter alia, disapproving leave requests, disapproving transfer requests, suspending him and attempting to remove him, disapproving

light duty requests, marking Plaintiff AWOL, and ultimately terminating him.

Plaintiff asserts the following claims: (1) violation of the FMLA; (2) violation of the California Fair Employment and Housing Act ("FEHA"); (3) violation of California public policy; (4) wrongful termination; (5) EEO discrimination; (6) negligent supervision/retention; (7) intentional infliction of emotional distress.

## II. DISCUSSION

### A. Motion to Dismiss

Defendant moves to dismiss Plaintiff's state law claims for violation of FEHA, violation of California public policy, wrongful termination, negligent supervision/retention, and intentional infliction of emotional distress on the ground that Plaintiff's exclusive remedy for the alleged violation of his workplace rights is under federal law. The Court agrees.

Plaintiff's second cause of action under FEHA alleges that Plaintiff suffers from disabilities and that Defendant failed to accommodate him. However, any claim of disability discrimination against a federal agency must be brought under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794. See Boyd v. United States Postal Service, 752 F.2d 410, 413 (9th Cir. 1985) (holding that § 501 of the Rehabilitation Act is "the exclusive remedy for discrimination by the Postal Service on the basis of handicap.") Therefore, Plaintiff's FEHA claim is dismissed. Because Plaintiff has not asserted a claim under the Rehabilitation Act, the Court will allow Plaintiff to amend his Complaint to add a claim for violation of the Rehabilitation Act.

Plaintiff's third cause of action generally alleges discrimination based on age, gender, disability, race, and national origin (TAC ¶ 82). As discussed above, any claim of disability discrimination is governed by the Rehabilitation Act. As for Plaintiff's other claims of discrimination, the TAC's factual allegations pertain to race and/or gender discrimination only. (TAC ¶¶ 46, 76). Section 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, provides the exclusive remedy for federal employees complaining of job-related discrimination based on race, color, religion, sex, or national origin. Brown v. General

Services Administration, 425 U.S. 820, 835 (1976).  Accordingly, Plaintiff's state claim for race and/or gender discrimination is dismissed.[1]

Plaintiff's third cause of action also alleges that Defendant retaliated against Plaintiff for "engaging in protected activities, namely filing [a] report to OSHA."  However, any claim that Defendant took prohibited personnel actions against him as a result of his whistleblowing activities must be brought under the Civil Service Reform Act ("CSRA").  By enacting the CSRA, Congress established "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." United States v. Fausto, 484 U.S. 439, 445 (1988).  If conduct challenged by the plaintiff falls within the scope of the CSRA's "prohibited personnel practices," then the CSRA's administrative procedures are the employee's only remedy.  Mangano v. United States, 529 F.3d 1243, 1246 (9th Cir. 2008).  The CSRA specifically prohibits personnel actions taken in retaliation for an employee reporting (1) a violation of any law, rule, or regulation; or (2) a substantial and specific danger to public health and safety.  5 U.S.C. § 2302(b)(8)(A).  Therefore, Plaintiff's claim of retaliation for whistleblowing must be dismissed.  See Rivera v. United States, 924 F.2d 948 (9th Cir. 1991) (holding that the Whistleblower Protection Act does not authorize government employees to bring FTCA claims arising out of conduct addressed by the CSRA); Chrisanthis v. United States, 2008 WL 48487674 (N.D. Cal. Nov. 7, 2008) (dismissing plaintiff's FTCA claim that the federal government retaliated against him for filing an OSHA complaint because CSRA was exclusive remedy). [2]

---

[1] Plaintiff's Fifth Cause of Action is for "Equal Employment Opportunity Discrimination." The Court construes this claim as a claim under § 717 of the Civil Rights Act of 1964.

[2] The CSRA is not to be construed to extinguish or lessen any right or remedy available to any employee or applicant for employment in the civil service under § 717 of the Civil Rights Act of 1964 or § 501 of the Rehabilitation Act of 1973.  5 U.S.C. § 2302(e). In contrast, claims under Title II of the FMLA (applicable to federal civil service employees with more than twelve months of service) are preempted by the CSRA.  Russell v. United States Dept. of the Army, 191 F.3d 1016 (9th Cir. 1999). If Plaintiff is a Title II employee, his FMLA claims are preempted. However, Defendant has not moved to dismiss Plaintiff's FMLA claim at this time.

Plaintiff's fourth claim for wrongful termination, sixth claim for negligent supervision and/or retention, and seventh claim for intentional infliction of emotional distress, are premised on the acts of alleged discrimination governed by the federal statutes discussed above. Therefore, these state claims are dismissed as well.

B. <u>Motion to Strike</u>

Defendant moves to strike Plaintiff's Doe allegations (TAC ¶ 6) on the ground that the Postmaster General is the only proper defendant in this case. Defendant's motion is granted. John E. Potter in his official capacity as Postmaster General, as the "head of the department, agency, or unit," is the only proper defendant. <u>See</u> 42 U.S.C. § 2006e-16(c); 29 U.S.C. § 794a(a)(1). Therefore, there is no need for Doe defendants.

Defendant also moves to strike Plaintiff's request for punitive and exemplary damages. (TAC ¶¶ 68, 79, 87, 92, 100, 103, 107; Prayer for Relief, ¶ 4.) Under 42 U.S.C. § 1981a(b)(1), a Title VII plaintiff may recover punitive damages "against a respondent (other than a government, government agency, or political subdivision) . . . ." The Postal Service is a "government agency" for purposes of section 1981. <u>Baker v. Runyon</u>, 114 F.3d 668 (7th Cir. 1997); <u>Robinson v. Runyon</u>, 149 F.3d 507 (6th Cir. 1998). Therefore, Plaintiff cannot recover punitive damages against Defendant, and his allegations regarding such relief are stricken.

C. <u>Leave to Amend</u>

Plaintiff has requested leave to amend his complaint once more. The Court **DENIES** Plaintiff's request as it pertains to the state claims dismissed by the Court. These state claims cannot be salvaged by amending the pleadings. However, the Court **GRANTS** Plaintiff leave to amend his complaint to allege a claim under § 501 of the Rehabilitation Act. In keeping with this Order, the Fourth Amended Complaint (1) should reassert Plaintiff's federal claims under the FMLA and Title VII; (2) should include a claim for disability discrimination under the Rehabilitation Act; (3) should **not** include the state claims dismissed

in this order; and (4) should **not** include allegations pertaining to punitive or exemplary damages. The Fourth Amended Complaint should be complete in and of itself and should not refer to previously filed complaints. Civ.L.R. 15.1.

**Plaintiff's Fourth Amended Complaint must be filed within 25 days of the filing of this order. If Plaintiff does not file a Fourth Amended Complaint, Defendant shall answer the TAC within 45 days of the filing of this order.**

### III. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED**. Plaintiff's second, third, fourth, sixth, and seventh claims are **DISMISSED** for failure to state a claim. Defendant's motion to strike is **GRANTED**. The Court strikes Plaintiff's Doe allegations (TAC ¶ 6) and the allegations pertaining to punitive and exemplary damages (TAC ¶¶ 68, 79, 87, 92, 100, 103, 107; Prayer for Relief, ¶ 4.) Plaintiff's motion to amend his complaint is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is granted limited leave to amend his complaint to add a claim under § 501 of the Rehabilitation Act.

**IT IS SO ORDERED.**

DATED: July 12, 2010

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge