# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO GOLEZ,<br><br>                              Plaintiff,<br>     vs.<br><br>JOHN E. POTTER, POSTMASTER GENERAL; U.S. POSTAL SERVICE<br><br>                              Defendants. | CASE NO. 09-cv-965 AJB (WMc)<br><br>**ORDER RE: ISSUANCE OF DEPOSITION SUBPOENA**<br>**[DOC. NO. 102.]** |

## I.     INTRODUCTION

On July 7, 2011, Plaintiff *pro se* filed a Motion for Leave of Court to Allow Subpoena. [*See* ECF No. 102.]  In his motion, Plaintiff requests the Court issue a deposition subpoena and seeks the Court's assistance in locating witness Michael Boisvert for deposition. *Id.*

## II.    STANDARD OF REVIEW

In accordance with Rule 45(a)(3) of the Federal Rules of Civil Procedure, "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Fed. R. Civ. P. 45(a)(3).

## III.   DISCUSSION

The Court will direct the Clerk of Court to mail to Plaintiff, with this order, one signed but otherwise blank deposition subpoena form [AO-88A "Subpoena to Testify at a Deposition in a Civil Action."] which should be completed by Plaintiff.  Plaintiff's *in forma pauperis* status allows him assistance in the service of a completed deposition subpoena by the United States Marshal.

However, Plaintiff is advised he must comply with Rule 45 which requires non-party witnesses to be personally served with subpoenas that are accompanied by money orders for witness fees and if applicable, travel expenses. Fed R. Civ. P 45; 28 U.S.C. § 1821. Plaintiff is further notified that as with party witnesses, Plaintiff must bear the costs of recording the non-party deposition as well as transcribing the deposition if he intends to use it as evidence in a future proceeding. In addition, Plaintiff must also arrange for the deposition of a non-party witness to be conducted before a deposition officer.

With respect to Plaintiff's request for assistance in actually locating non-party witness Michael Boisvert, the U.S. Marshal has no duty to locate persons for purposes of service. *See e.g. Walker v. Summer,* 14 F.3d 1415, 1421-22 (9th Cir. 1994). It is Plaintiff's responsibility to provide the U.S. Marshal with accurate and sufficient information to effect service. Plaintiff must use his own methods such as an electronic search or California Public Records Act request in order to determine the location of the witness he seeks to depose.

## IV.    CONCLUSION AND ORDER THEREON

For the reasons articulated above, Plaintiff's Motion for "Leave of Court to Allow Subpoena" is **granted in part and denied in part.** Accordingly, IT IS **HEREBY ORDERED** that:

1. Plaintiff's request for a subpoena form is **GRANTED.** The clerk is instructed to send Plaintiff one subpoena form [AO-88A] and a copy of Rule 45 of the Federal Rules of Civil Procedure;

2. Plaintiff's request for the Court's assistance in locating witness Michael Boisvert is **DENIED.**

**IT IS SO ORDERED**.

DATED: July 21, 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court