1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO GOLEZ | CASE NO. 09-cv-965 AJB (WMc) |
| Plaintiff, | **ORDER DENYING MOTION TO COMPEL [DOC. NO. 118.]** |
| vs. | |
| JOHN E. POTTER, POSTMASTER GENERAL; U.S. POSTAL SERVICE | |
| Defendants. | |

## I.     INTRODUCTION

On November 1, 2011, Plaintiff *pro se* Wilfredo A. Golez ("Golez") filed a motion to compel the work attendance records of two former co-workers who are not parties to the instant litigation. [Doc. No. 118, pp. 2-3.]  Golez states he requires the employment records of his former co-workers to show other employees who were late were not terminated as he was, and therefore rebut Defendants' contention that his own attendance irregularities led to termination. *Id.* at 3. Plaintiff argues he was improperly terminated during FMLA protected absences. *Id.*

Defendants object to Plaintiff's motion to compel on the grounds of untimeliness, overbreadth and privacy protections under the Privacy Act of 1974.  [Doc. No. 126, pp. 1-3.]

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) states: "unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any **nonprivileged** matter that is relevant to any parties claim or defense-including the existence, description, nature,

1  custody, condition, and location of any documents or other tangible things and the identity and

2  location of persons who know of any discoverable matter."   Fed. R. Civ. P. 26(b)(1) (emphasis

3  added.)

4         In this litigation, Defendants object to the production of non-party employee attendance

5  records on privacy grounds as reflected by the Privacy Act of 1974 which provides:

6         "No agency shall disclose any record which is contained in a system of records by any
          means of communication to any person, or to another agency, except pursuant to a written
7         request by, or with the prior written consent of, the individual to whom the record
          pertains."
8
   *See* 5 U.S.C. §552a(b).
9
         In addition to the rule set forth in the Privacy Act of 1974, federal courts generally
10
   recognize a privacy right that can be raised in response to discovery requests.  *Johnson ex rel*
11
   *Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992) (denying discovery of names of
12
   participants in a medical study due to privacy interests of the individual participants).  The party
13
   whose privacy is affected may object, as Defendants have done here, or seek a protective order.
14
   *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987).  Resolution of a privacy objection or
15
   request for protective order requires a balancing of the need for the particular information against
16
   the privacy right asserted.  *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 550-551 (E.D.
17
   Cal. 1990) (balancing targeted individual's right of privacy against public's need for discovery in
18
   employment discrimination case.)
19
## III.    DISCUSSION
20
**Defendants' Privacy Objection is Sustained**
21
         The exceptions allowed in the Privacy Act of 1974 are not applicable here as: (1) Plaintiff
22
   is not requesting his own time records, but the attendance records of non-parties, and (2) the
23
   persons whose records Plaintiff seeks have not given permission for their release.  Accordingly,
24
   the Privacy Act of 1974 precludes the United States Postal Service from complying with Plaintiff's
25
   discovery request.  Moreover, the Court has carefully balanced Plaintiff's stated need for the
26
   attendance records of his former co-workers with the privacy rights of employees in their
27
   personnel records and finds Plaintiff's need does not outweigh the privacy rights of the non-parties
28
   whose attendance records he seeks.  Plaintiff has received his own time and attendance records as

1    well as his 3971 forms (Request for Notification of Absence) from Defendant which are relevant

2    to his contention that he was improperly terminated during FMLA protected absences.  The

3    attendance records of Plaintiff's former co-workers who are not parties to this case are not relevant

4    and not likely to lead to the discovery of admissible evidence.  Fed. R. Civ. Proc. 26(b)(1).

5    Therefore, Plaintiff cannot justify their disclosure in the face of recognized privacy rights.

6    **IV.**     **CONCLUSION AND ORDER THEREON**

7        For the reasons articulated above, the Plaintiff's Motion to Compel is **DENIED**.  Pursuant

8    to Local Civil Rule 7.1 (d)(1), the Court has found Plaintiff's Motion to Compel suitable for

9    decision without oral argument. Accordingly, the teleconference on Plaintiff's motion to compel

10    currently scheduled for December 8, 2011 at 4:30 p.m. is **VACATED.**

11       **IT IS SO ORDERED**.

12    DATED: November 29, 2011

13

                      Hon. William McCurine, Jr.

14                       U.S. Magistrate Judge

                      United States District Court

15

16

17

18

19

20

21

22

23

24

25

26

27

28

          09-cv-965 AJB  (WMc)