UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO A. GOLEZ,<br><br>    Plaintiff,<br>v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>    Defendants. | Case No.: 09cv0965 AJB (WMC)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO FILE AN AMENDED MOTION FOR RECONSIDERATION; DENYING PLAINTIFF'S AMENDED MOTION FOR RECONSIDERATION**<br><br>[Doc. Nos. 138, 141.] |

Before the Court is Plaintiff's motion for leave of court to file a motion for reconsideration of the Court's order granting in part and denying in part Defendant's motion for summary judgment and accompanying motion for reconsideration of the Court's order. (Dkt. No. 141.) Subsequently, Plaintiff filed a request for leave of court to file an amended motion for reconsideration[1] of the Court's order granting in part and denying in part Defendant's motion for summary judgment. (Dkt. No. 138.)  After a review of the papers, the Court GRANTS Plaintiff's request for leave to file an amended motion for reconsideration and DENIES Plaintiff's amended motion for reconsideration.

---

[1] In the amended motion for reconsideration, Plaintiff states he seeks to "update entries of the case, number, phone number, clarify and discuss additional evidence in support of claim, which the plaintiff expected to discuss during trial." (Dkt. No. 138 at 1.) The Court notes that any discussion of evidence to be presented at trial is not appropriate in the motion for reconsideration of the Court's order granting in part and denying in part Defendant's motion for summary judgment.

## Discussion

On February 3, 2012, the Court granted in part and denies in part Defendant's motion for partial summary judgment. (Dkt. No. 133.) As to one claim, the Court granted summary judgment regarding Defendant's decision to label Plaintiff AWOL ("Absence Without Leave") rather than give FMLA leave for his absence on May 11, 2008. (Id. at 9-14.) Plaintiff requests the Court to reconsider its ruling.

### A.   Legal Standard for Motion for Reconsideration

A motion for reconsideration is "appropriate if the district court is provided with (1) newly discovered evidence; (2) clear error or manifest injustice, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must set "forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Local Civ. R. 7.1(i)(1).

Here, Plaintiff seeks to provide additional facts to oppose Defendant's motion for summary judgment regarding whether Defendant violated the FMLA pursuant to 29 U.S.C. § 2615(a)(1) when Defendant was labeled AWOL as opposed to being granted FMLA leave for his absence on May 11, 2008. Plaintiff reargues and presents additional evidence in opposition to Defendant's motion for summary judgment. Plaintiff has not indicated and it does not appear that the additional facts he presents are new and did not exist in the prior motion for summary judgment. Under the standard for reconsideration, the Court concludes that Plaintiff has failed to provide newly discovered evidence, that the court committed clear error or manifest injustice or that there was an intervening change in controlling law. See School Dist. No. 1J, Multnomah County, Or., 5 F.3d at 1263. Accordingly, the Court DENIES Plaintiff's amended motion for reconsideration.

Alternatively, if the Court were to consider the additional facts presented by Plaintiff, the Court's ruling granting Defendant's motion for summary judgment would not be altered. In the order, the Court granted Defendant's motion for partial summary judgment as to Defendant's decision to reject Plaintiff's request for FMLA leave and give Plaintiff AWOL status on May 11, 2008. The Court concluded that

Plaintiff had not demonstrated a genuine issue of material fact as to Defendant's decision to reject Plaintiff's request for FMLA leave on May 11, 2008 for failing to follow the usual and customary notice and procedural requirements to notify his employer of an unexpected absence. Specifically, as to one factor, the Court concluded that the phone records did not support Plaintiff's argument that he was unable to notify Defendant of his unexpected absence while driving home because he spent the entire drive home on the telephone with his sister.

In his amended motion for reconsideration, Plaintiff states, without an affidavit or declaration, that according to the phone records, the first call he received from his sister at home was at 7:10 p.m. from the home phone number of 619-470-3100 regarding his mother's oxygen levels. Plaintiff instructed his sister to call back using the cell phone number of 619-754-5541 regarding their mother's oxygen levels. He states that he called his sister on the cell phone number at 7:30 p.m. to check on his mother's status. At 7:49 p.m. his sister called again and said their mother's oxygen level went down further and at that time, Plaintiff rushed to look for his supervisor at his office. He states that he clocked out to lunch and rushed home and set the cell phone with the speaker on in the passenger seat until he got home. He claims that since it took 22 minutes to drive home, the phone records show that he was on the phone with his sister discussing their mother's condition so he was unable to call his supervisor.

First, the Court notes that in Plaintiff's opposition to Defendant's motion for partial summary judgment, Plaintiff did not explain the different telephone numbers on his cellular telephone bill. Based on the facts presented in the motion for summary judgment, the Court was only informed about the calls at 7:49 p.m. and 7:52 p.m. Even though the Court only discussed the calls made at 7:49 p.m. and 7:52 p.m., the telephone records still do not support his statement that he was on the phone while he was driving home. Plaintiff states that after the one minute call at 7:49 p.m., he left work to drive home. At 7:52 p.m., another one minute phone call was made. Plaintiff testified that it took him 20 to 25 minutes to drive home. The additional facts that his sister called him from a different phone number starting at 7:10 p.m. does not support his argument that he was on the telephone with his sister during the drive home. Moreover, even if he did not have a chance to call his supervisor on the way home, he could have contacted his supervisor prior to when he actually called his supervisor at 10:48 p.m., when he was stopped by a police officer on his way back to work. Accordingly, even if the Court considered the

additional facts presented by Plaintiff, the Court DENIES Plaintiff's amended motion for reconsideration.

**Conclusion**

Based on the above, the Court GRANTS Plaintiff's request for leave to file an amended motion for reconsideration and DENIES Plaintiff's amended motion for reconsideration.[2]

DATED: April 11, 2012

Hon. Anthony J. Battaglia
U.S. District Judge

---

[2] In the amended motion for reconsideration, Plaintiff also addresses facts without argument that the Court concluded have been barred by the statute of limitations. (Dkt. No. 133.) Accordingly, the Court does not consider these facts and/or issues.