

**FILED**

Apr 03 2015

**CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**
BY        s/ AKR        DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

WILFREDO A. GOLEZ,

              Plaintiff - Appellant,

  v.

UNITED STATES POSTAL
SERVICE and PATRICK R.
DONAHOE, Postmaster General,

              Defendants - Appellees.

No. 12-56471

D.C. No. 3:09-cv-00965-AJB-WMC
U.S. District Court for Southern
California, San Diego

**MANDATE**

The judgment of this Court, entered October 07, 2014, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

                           FOR THE COURT:
                           Molly C. Dwyer
                           Clerk of Court

                           Rebecca Lopez
                           Deputy Clerk



FILED

OCT 7 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILFREDO A. GOLEZ, | No. 12-56471 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00965-AJB-WMC |
| v. | |
| UNITED STATES POSTAL SERVICE; PATRICK R. DONAHOE, Postmaster General, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Wilfredo A. Golez appeals pro se from the district court's judgment in his

action alleging violations of the Family Medical Leave Act ("FMLA"), Title VII,

and the Rehabilitation Act arising out of his termination.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo a district court's conclusion of law and for clear error its findings of fact following a bench trial.  *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 915 (9th Cir. 2005).  We affirm.

The district court did not clearly err when it credited the testimony of other witnesses over Golez's testimony and found that Golez failed to follow defendants' attendance and FMLA-leave policies in connection with eleven incidents of unscheduled tardiness and an unscheduled absence from work.  *See* Fed. R. Civ. P. 52(a)(6) ("Findings of fact . . . must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."); *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985) ("If the district court's account of the evidence is plausible in light of the record, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.").

The district court did not clearly err in finding that Golez did not prove by a preponderance of the evidence that defendants used his taking of FMLA leave on May 11, 2008 as a negative factor in terminating his employment.  *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) (setting forth the elements of a prima facie case of FMLA interference, which include the requirement that the employee provide sufficient notice of the intent to take FMLA

2

leave).

The district court did not abuse its discretion when it excluded the doctor's certification regarding the seriousness of Golez's mother's health.  *See GCB Commc'ns, Inc. v. U.S. S. Commc'ns, Inc.*, 650 F.3d 1257, 1262 (9th Cir. 2011) (setting forth the standard of reviewing and explaining that evidentiary rulings should not be reversed unless "it is more probable than not than an error, if any, tainted the outcome").

Contrary to Golez's contention, the district court applied the correct version of 29 C.F.R. § 825.303 to the eleven incidents of unscheduled tardiness and an unscheduled absence from work which occurred in 2008.

We do not consider issues that are not specifically and distinctly raised and argued in Golez's opening brief.  *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

Golez's motion to submit exhibits with his opening brief, filed on February 4, 2013, is granted.

**AFFIRMED**.

12-56471